

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# USA v. Montgomery

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Montgomery" (2007). *2007 Decisions*. Paper 1360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1638
_____

UNITED STATES OF AMERICA

v.

TYREE LAJUAN MONTGOMERY,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00565)
District Judge: Honorable Mary Little Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

Before:   FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 4, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Tyree Montgomery pleaded guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. He appeals his criminal sentence of 130 months as unreasonable. *See United States v. Cooper*, 437 F.3d 324, 326-28 (3d Cir. 2006). The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1).[1] *Cooper*, 437 F.3d at 327. For the following reasons, we will affirm the sentence embodied in the judgment and commitment order.

In assessing the reasonableness of a sentence, we must determine whether the District Court "exercised its discretion by considering the relevant factors," which are set forth in 18 U.S.C. § 3553(a). *Cooper*, 437 F.3d at 329. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *Id.* The District Court, however, is not required to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.*

---

[1] While the judgment and commitment order in this case was entered on January 31, 2005 and Montgomery's notice of appeal was filed more than ten days later, on February 28, 2005, the District Court granted Montgomery's motion for extension of time to file his appeal. The notice is therefore timely pursuant to Federal Rule of Appellate Procedure 4(b)(4).

In addition to making sure that the District Court considered the factors, "we must also ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.* at 330. We give deference to the District Court's determination, "the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.*

Montgomery argues that, in determining his sentence, the District Court failed to give meaningful consideration to the first § 3553(a) factor: "the nature and circumstances of the offense and the history and characteristics of the defendant." According to Montgomery, the District Court failed to consider the circumstances of his childhood, including his parents' drug use.

The record, however, demonstrates that the District Court did consider those circumstances. During the sentencing hearing, after Montgomery described his past, the Court stated: "I can see the circumstances very clearly the way that you describe. Very hard." Also, after Montgomery's lawyer agreed that it was not necessary to repeat the § 3553(a) factors, the Court stated that "the nature and circumstances of this offense and the history and characteristics of this defendant are set forth in full detail in the presentence report ... ." That report, referenced by the Court, included the information that Montgomery contends was ignored. Thus, the District Court did consider that information. Montgomery's argument to the contrary is simply inconsistent with the record.

Montgomery also argues that the District Court failed to reasonably apply the § 3553(a) factors in deciding whether to mitigate Montgomery's sentence in light of the length of time between the instant offense and the two prior convictions that served as the basis for his being classified as a career offender. At his sentencing, Montgomery moved both for a downward departure under the Guidelines and for mitigation of the sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). Here, Montgomery cites to the Court's discussion of the downward departure under the Sentencing Guidelines as evidence that the Court relied too heavily on the Guidelines in deciding not to mitigate his sentence pursuant to the § 3553(a) factors.

Again, however, the record shows that the District Court considered those factors, including the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide educational or vocational training. *See* 18 U.S.C. § 3553(a)(2). The Court also considered the Sentencing Guidelines as required by § 3553(a)(4), while recognizing that the guidelines are advisory. The Court explained the sentence as follows:

> I am doing this under the advisory status of the guidelines with careful, careful reference to the structure and terms of the guidelines that apply to Mr. Montgomery.
> I am, in fact, not granting a downward departure or a downward variance on the first ground that defendant claimed, namely overstatement of criminal history, because I do not believe that this is an appropriate case on its facts for a downward movement from the guideline range on that ground.
> . . . .

4

I have carefully considered whether to impose a sentence which is lower than that which I have described, but I think that the policy reflected in the guideline section pertaining to the possibility of a departure for over representation of criminal history is not met here... .

. . . .

. . . [A]s exhaustively detailed in the presentence investigation report, as well as the government's sentencing memorandum, the two predicate convictions ... are not by any means the limit of Mr. Montgomery's total criminal past. In fact, it can be summarized as an unbroken record of offenses of increasing degrees of severity ... .

. . . .

Each of those convictions carry with it escalating penalties of incarceration, but unfortunately they were not sufficient to deter him from returning to this lifestyle of drugs and actual or threatened violence on each occasion when he regained his freedom.

. . . .

The goals of sentencing are represented here in the need for this sentence to reflect the seriousness of the offense ... . And most importantly, to afford adequate deterrence of Mr. Montgomery and to incapacitate Mr. Montgomery for a sufficient time to protect the public from further crimes . . . .

I'd note that it appears that he has his GED high school diploma, but has not taken the opportunity to develop any vocational skills. That at least he can accomplish while in federal custody.

As I say, this sentence is imposed under the advisory basis of the guidelines with due reference to the structure and terms of the guidelines as they have been found to address the facts of this case.

That record shows that the District Court relied on the applicable § 3553(a) factors and was not treating the Sentencing Guidelines as mandatory. Considering the deference given to the District Court's determination of an appropriate sentence under the circumstances, we conclude that the sentence is reasonable in this case.

For the foregoing reasons, we will affirm the judgment and commitment order entered by the District Court.